John A. Kawai, SBN 260120
CARPENTER, ZUCKERMAN, & ROWLEY
407 Bryant Circle, Suite F
Ojai, CA 93023
805-272-4001
jk@czrlaw.com
Attorney for Plaintiffs

Carol L. Hepburn, *Pro Hac Vice Pending*
CAROL L. HEPBURN, P.S.
200 First Ave. West, Suite 550
Seattle, WA  98119
(206) 957-7272
(206) 957-7273 fax
Email:  carol@hepburnlaw.net
Attorneys for Plaintiffs Lily, Sarah, Skylar,
Savannah, Sally, Sierra, Violet, Amy, Jessica,
Casseaopeia, and Jenny

Deborah A. Bianco, *Pro Hac Vice Pending*
DEBORAH A. BIANCO, PLLC
14535 Bel-Red Road, #201
Bellevue, WA 98007
Phone: 425-747-4500
Email: deb@debbiancolaw.com
Attorney for Maureen, Pia, Mya, Ava

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "LILY," "SARAH," JANE DOE as court appointed conservator for "SKYLAR" and "SAVANNAH," minors, JOHN DOE as court appointed conservator for "SALLY" and "SIERRA," minors, "MAUREEN," WILLIAM L.E. DUSSAULT as Guardian ad Litem for "VIOLET," minor, JANE ROE as next friend for "PIA," "MYA," "AVA," minors, "AMY," "JESSICA," "CASSEAOPEIA," and "JENNY," | Case No:   3:19-cv-1897<br><br>COMPLAINT<br><br><br> Jury Trial Demanded |
|                Plaintiffs,<br><br>v. | |

GERARD JONES,

                        Defendant.

The Plaintiffs, on their own behalf and by their corresponding next friends as indicated, and through their attorneys of record, John A. Kawai of Carpenter, Zuckerman & Rowley, Carol L. Hepburn of Carol L. Hepburn, P.S., and Deborah A. Bianco of Deborah A. Bianco, PLLC, allege for their complaint as follows:

## NATURE OF THE ACTION

1.      This is a suit for damages arising out of the Defendant's violations of federal criminal child pornography statutes 18 U.S.C. § 2252 (a)(2) and (b)(1), and 18 U.S.C. § 2252 (a)(4)(B) and (b)(2).

2.      18 U.S.C. § 2255(a) allows victims of child pornography under section 2252 to recover the actual damages such person sustains or liquidated damages in the amount of $150,000 per victim, and reasonable attorney's fees. The Court may also award punitive damages and grant such other preliminary and equitable relief as the Court determines to be appropriate.

## PARTIES

3.      "Lily" is currently an adult and resides outside the state of California.

4.      "Lily" is the pseudonym for the victim depicted in the Vicky child pornography series.

5.      "Sarah" is currently an adult and resides outside the state of California.

6.      "Sarah" is the pseudonym for the victim depicted in the Marineland child pornography series.

7.      Jane Doe is the mother of "Skylar" and "Savannah" and has been appointed by her local court as conservator for "Skylar" and "Savannah" who are minors and reside outside the state of California.

8.      "Skylar" is a pseudonym for a victim depicted in the Jan_Socks child pornography series.

9.      "Savannah" is a pseudonym for a victim depicted in the Jan_Socks child pornography series.

10.      John Doe is the father of "Sally" and "Sierra" and has been appointed by his local court as conservator for "Sally" and "Sierra" who are minors and reside outside the state of California.

11.      "Sally" is a pseudonym for a victim depicted in the Jan_Socks child pornography series.

12.      "Sierra" is a pseudonym for a victim depicted in the Jan_Socks child pornography series.

13.      "Maureen" is currently an adult and resides outside the state of California.

14.      "Maureen" is a pseudonym for a victim depicted in the Lighthouse child pornography series.

15.      William L.E. Dussault, as the court appointed Guardian ad Litem for "Violet" who is a minor and resides outside the state of California.

16.       "Violet" is a pseudonym for the victim depicted in the At School child pornography series.

17.     Jane Roe is a pseudonym for "Pia," "Mya," and "Ava's" mother and acts as Next Friend for "Pia," "Mya," and "Ava" who are minors and reside outside the state of California.

18.     "Pia" is a pseudonym for a victim depicted in the Sweet Sugar child pornography series.

19.     "Mya" is a pseudonym for a victim depicted in the Sweet Sugar child pornography series.

20.     "Ava" is a pseudonym for a victim depicted in the Sweet Sugar child pornography series.

21.     "Amy" is currently an adult and resides outside the state of California.

22.     "Amy is a pseudonym for the victim depicted in the Misty child pornography series.

23.     "Jessica" is currently an adult and resides outside the state of California.

24.     "Jessica" is a pseudonym for the victim depicted in the Jessica child pornography series.

25.     "Casseaopeia" is currently an adult and resides outside the state of California.

26.     "Casseaopeia" is a pseudonym for a victim depicted in the Lighthouse pornography series.

27.     "Jenny" is currently an adult and resides outside the state of California.

28.     "Jenny" is a pseudonym for the victim of the Jenny child pornography series

29.     The defendant is an adult currently in the custody of the United States Bureau of Prisons.

30.     On information and belief, the defendant resided in this district prior to his incarceration.

## JURISDICTION AND VENUE

31.     Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

32.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where the Defendant resides and (ii) a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## FACTUAL BACKGROUND

### The Defendant Possessed Child Pornography Depicting Lily in Violation of 18 U.S.C. § 2252(a)(2) and §2252(a)(4)(B)

33.     When Lily was ten and eleven years old, or younger, she was forced to perform sexual acts primarily for the purpose of producing child pornography images and videos.

34.     These images and videos are distributed over the Internet and are known as the "Vicky" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

35.     On information and belief, these images and videos depict Lily as a prepubescent minor child being raped, sodomized, put in bondage, and forced to perform scripted sex acts with an adult male. They are images and videos depicting child rape and sexual exploitation.

36.     These images and videos of Lily childhood sexual abuse are widely traded—by barter and commercial transaction—over the internet. The never-ending circulation of this material keeps Lily's original abuse constantly alive and present for her in everyday life. If her child pornography images were not possessed and circulated by others, Lily might have been able to obtain the treatment necessary to overcome the damage caused by her original childhood sexual abuse and live a normal life.

37.     Lily has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting her by persons including the Defendant. The permanent harm she has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

<u>The Defendant Possessed Child Pornography Depicting Sarah</u>
<u>in Violation of 18 U.S.C. § 2252(a)(2) and §2252(a)(4)(B)</u>

38.     Sarah was groomed for sexual exploitation from the time she was five years old. From that age until age eleven, she was raped, forced to have sex with an adult male and with other female children her age, forced to have sexual encounters with an animal, and made to pose and dance provocatively for the camera. Sarah was required to perform these sex acts in front of a web cam which recorded the events and broadcasted her sexual exploitation to another adult who was watching from a remote location. The sexual acts performed by Sarah were digitized for distribution on the internet.

39.     Images and videos of Sarah have been and continue to be widely circulated on the internet and are known as the "Marineland" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

40.     Sarah has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting her by persons including the Defendant. The permanent harm she has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

### The Defendant Possessed Child Pornography Depicting Skylar, Savannah, Sally, and Sierra in Violation of 18 U.S.C. § 2252(a)(2) and §2252(a)(4)(B)

41.     Skylar, Savannah, Sally, and Sierra, minor females, were forced from a young age over an extended period of time to have sexual encounters with an adult male. These sexual acts were photographed and videoed for purposes of distribution over the internet.

42.     Images and videos of Skylar, Savannah, Sally, and Sierra have been and continue to be widely circulated on the internet and are known as the "Jan_Socks" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

43.     Skylar, Savannah, Sally, and Sierra have been and will continue to suffer personal injury by the distribution and possession of child pornography depicting them

by persons including the Defendant. The permanent harm they have proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with their normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

<u>The Defendant Possessed Child Pornography Depicting Maureen<br>in Violation of 18 U.S.C. § 2252(a)(2) and §2252(a)(4)(B)</u>

44.     From the time Maureen was a toddler until she was approximately 8 years old she was raped, sodomized, and forced to endure sexual assaults by an unrelated adult male who required Maureen to perform sex acts which he videotaped and shared with others, taking requests from others and forcing Maureen to perform the requests made by third parties.

45.     Images and videos of Maureen have been and continue to be widely circulated on the internet and are known as the "Lighthouse" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

46.     Maureen has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting her by persons including the Defendant. The permanent harm she has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and

psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

### The Defendant Possessed Child Pornography Depicting Violet in Violation of 18 U.S.C. § 2252(a)(2) and §2252(a)(4)(B)

47.     Violet, a minor female, was forced from a young age over an extended period of time to have sexual encounters with an adult male. These sexual acts were photographed and videoed for purposes of distribution over the Internet.

48.     Images and videos of Violet have been and continue to be widely circulated on the Internet and are known as the "At School" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

49.     Violet has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting her by persons including the Defendant. The permanent harm she has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

### The Defendant Possessed Child Pornography Depicting Pia, Mya, and Ava in Violation of 18 U.S.C. § 2252(a)(2) and §2252(a)(4)(B)

50.     Pia, Mya, and Ava, minor females, were groomed from a young age over an extended period of time to have sexual encounters with an adult male. These sexual acts were photographed and videoed for purposes of distribution over the Internet. The

images show the children engaging in provocative and sexualized behaviors, as well as sex acts.

51.     Images and videos of Pia, Mya, and Ava have been and continue to be widely circulated on the Internet and are known as the "Sweet Sugar" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

52.     Pia, Mya, and Ava have been and will continue to suffer personal injury by the distribution and possession of child pornography depicting them by persons including the Defendant. The permanent harm they have proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with their normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

### The Defendant Possessed Child Pornography Depicting Amy
### in Violation of 18 U.S.C. § 2252(a)(2) and §2252(a)(4)(B)

53.     Amy was eight and nine years old when she was repeatedly raped and sexually exploited by an adult male in order to produce child pornography. The images and videos of her abuse memorialize Amy being forced to endure rape, cunnilingus, fellatio, and digital penetration as a young child. Amy was sexually abused specifically for the purpose of producing child sex abuse images including child pornography the Defendant was ultimately convicted of possessing.

54.     Images and videos of Amy have been and continue to be widely circulated on the Internet and are known as the "Misty" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

55.     Amy has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting her by persons including the Defendant. The permanent harm she has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial in this matter.

<u>The Defendant Possessed Child Pornography Depicting Jessica
in Violation of 18 U.S.C. § 2252(a)(2) and §2252(a)(4)(B)</u>

56.     From infancy to approximately four years old, Jessica was sodomized, subjected to oral sex, and otherwise sexually abused and exploited by multiple adult men. The sexual abuse of Jessica was digitized for distribution on the Internet.

57.     Images and videos of Jessica have been and continue to be widely circulated on the Internet and are known as the "Jessica" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

58.     Jessica has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting her by persons including the Defendant. The permanent harm she has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference

with her normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial in this matter.

<u>The Defendant Possessed Child Pornography Depicting Casseaopeia</u>
<u>in Violation of 18 U.S.C. § 2252(a)(2) and §2252(a)(4)(B)</u>

59.     When Casseaopeia was approximately one to ten years old, she was violently raped and sexually exploited by two adult men in order to produce child sex abuse images. These adult males "rented" Casseaopeia to other child molesters and pedophiles who raped and sexually assaulted her. The primary reason Casseaopeia was repeatedly forced to endure vaginal, anal, and oral penetration of adult men's fingers, penises, and other objects was to create and distribute child pornography. If she refused to participate, the men would physically hit and threaten her.

60.     Images and videos of Casseaopeia have been and continue to be widely circulated on the Internet and are known as the "Lighthouse" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

61.     Casseaopeia has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting her by persons including the Defendant. The permanent harm she has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and

psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial in this matter.

<u>The Defendant Possessed Child Pornography Depicting Jenny<br>in Violation of 18 U.S.C. § 2252(a)(2) and §2252(a)(4)(B)</u>

62.     From approximately age six to eight years old, Jenny was sexually molested and assaulted by an adult man. Jenny was repeatedly raped and forced to perform fellatio on an adult man. Jenny was also bound and forced to perform sexual acts on an animal. The abuser forced Jenny to watch child pornography in order to groom her for sexual exploitation. The sexual abuse of Jenny was digitized for distribution on the Internet.

63.     Images and videos of Jenny have been and continue to be widely circulated on the Internet and are known as the "Jenny" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

64.     Jenny has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting her by persons including the Defendant. The permanent harm she has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial in this matter.

<u>The Defendant Possessed the Plaintiffs'</u>
<u>Child Pornography Images and Videos</u>

65.     On December 29, 2016 property was seized from the Defendant. Child

Victim Identification Program (CVIP) analysts at the National Center for Missing and

Exploited Children (NCMEC) matched child pornography images on the Defendant's

computer to child pornography images of Plaintiffs in NCMEC's database and notified

the government of its findings in a CVIP report.

66.     Upon information and belief, this CVIP report was supplied to the

Defendant's criminal defense attorney.

67.     Upon information and belief, the Defendant's criminal defense attorney

had ample resources to examine and challenge the victim identification contained in the

CVIP report.

68.     On February 7, 2017, Defendant was indicted in the United States District

Court for the Northern District of California with knowingly distributing visual depictions

of minors engaging in sexually explicit conduct (child pornography) in violation of 18

U.S.C. §2252(a)(2) and (b)(1) and knowingly possessing matter with contained at least

one visual depiction of a minor engaging in sexually explicit conduct in violation of 18

U.S.C. §2252(a)(4)(B) and (b)(2).

69.     In late 2017, Plaintiffs, and each of them first received notice of their

images having been among those possessed by Defendant.

70.     On April 2, 2018, the Defendant entered a plea of guilty to both counts in

the indictment, and on August 14, 2018, the Defendant was sentenced.

**THE PLAINTIFFS' RIGHT TO PROCEED UNDER A PSEUDONYM**

71.     Concomitant with this complaint, the Plaintiffs have moved for permission to proceed in this case using pseudonyms in accordance with the applicable law in this circuit.

72.     According to *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000), "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."

73.     As outlined in their Motion to Proceed Under a Pseudonym, the Plaintiffs' need for anonymity outweighs any prejudice to the Defendant or the public's interest in knowing their identity.

**FIRST CLAIM FOR RELIEF**
**18 U.S.C. § 2255(a)**

74.     The Plaintiffs repeat and re–allege all prior paragraphs.

75.     18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2252A(a)(5)(B) and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000 per victim, and reasonable attorney's fees.

76.     The Defendant pleaded guilty of violating the federal child pornography crimes found at 18 U.S.C. §2252(a)(2) and (b)(1), and 18 U.S.C. § 2252(a)(2) and §2252(a)(4)(B).

77.     18 U.S.C. § 2252A(a)(2) provides that any person commits a federal crime who:

> knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if (a) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (b) such visual depiction is of such conduct.

78.  The Defendant pleaded guilty to knowingly distributing material containing images of the Plaintiffs' child pornography in violation of federal child pornography laws.

79.  18 U.S.C. §2252(a)(4)(B) provides that any person commits a federal crime who:

> knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including a computer if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct.

80.  The defendant pleaded guilty to knowingly possessing material containing images of the Plaintiffs' child pornography in violation of federal child pornography laws.

81.  The Plaintiffs suffered personal injury as a result of the Defendant's violation of 18 U.S.C. §2252(a)(2) and 18 U.S.C. §2252(a)(4)(B). The Plaintiffs are electing liquidated damages in the amount of $150,000 each and reasonable attorney's fees, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs each request judgment against the Defendant as follows:

82.     Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

83.     Punitive damages in an amount sufficient to punish the Defendant and deter others from like conduct pursuant to 18 U.S.C. § 2255(a) and the common law;

84.     Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a);

85.     Pre-judgment and post-judgment interest;

86.     Such other preliminary and equitable relief as the Court determines to be appropriate pursuant to 18 U.S.C. § 2255(a);

87.     Any relief within the Court's jurisdiction appropriate to the proof, whether or not demanded; and

88.     Such other and further relief as the Court deems just and proper.

Dated this 9th day of April, 2019 at Irvine, California.

CARPENTER, ZUCKERMAN, &
ROWLEY

By __/s John A. Kawai_____
JOHN A. KAWAI, ESQ.
California SBN 260120
CARPENTER, ZUCKERMAN &
ROWLEY, LLP
407 Bryant Circle, Suite F
Ojai, CA 93023
Tel.: (805)272-4001
Fax: (805)719-6858
Email: Team3@czrlaw.com

CAROL L. HEPBURN, P.S.

By /s Carol L. Hepburn
Carol L. Hepburn , *Pro Hac Vice*
200 First Ave. West, Suite 550
Seattle, WA  98119
(206) 957-7272
(206) 957-7273 fax
Email:  carol@hepburnlaw.net
Attorneys for Plaintiffs Lily, Sarah, Skylar,
Savannah, Sally, Sierra, Violet, Amy,
Jessica, Casseaopia, and Jenny

DEBORAH A. BIANCO, PLLC

By /s Deborah A. Bianco
Deborah A. Bianco, *Pro Hac Vice*
14535 Bel-Red Road, #201
Bellevue, WA 98007
Phone: 425-747-4500
Email: deb@debbiancolaw.com
Attorney for Maureen, Pia, Mya, Ava