John A. Kawai, SBN 260120
CARPENTER, ZUCKERMAN & ROWLEY
407 Bryant Circle, Suite F,
Ojai, CA 93023
Tel:  (805) 272-4001
Fax: (805) 719-6858
Email: team3@czrlaw.com
Of Attorneys for Plaintiffs

Deborah A. Bianco, Pro Hac Vice
14535 Bel-Red Road, #201
Bellevue, WA 98007
(425) 747-4500
Email: deb@debbiancolaw.com

Attorney for Plaintiffs Maureen, Pia, Mya, and Ava

Carol L. Hepburn, Pro Hac Vice
200 First Avenue West, #550
Seattle, WA  98119
Tel: 206) 957-7272
Fax: (206) 957-7273
Email: carol@hepburnlaw.net

Attorney for Plaintiffs Lily, Sarah, Skylar, Savannah, Sally, Sierra, Violet, Amy, Casseaopeia, Jessica, and Jenny

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "LILY," "SARAH," JANE DOE as court appointed conservator for "SKYLAR" and "SAVANNAH," minors, JOHN DOE as court appointed conservator for "SALLY" and "SIERRA," minors, "MAUREEN," WILLIAM L.E. DUSSAULT as Guardian ad Litem for "VIOLET," minor, JANE ROE as next friend for "PIA," "MYA," "AVA," minors, "AMY," "JESSICA," "CASSEAOPEIA," and "JENNY," | Case Number:  3:19-cv-01897-VC<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

*Form updated May 2018*

|                    |              |   |
|--------------------|--------------|---|
|                    | Plaintiffs,  | ) |
|                    |              | ) |
| v.                 |              | ) |
|                    |              | ) |
| GERARD JONES,      |              | ) |
|                    |              | ) |
|                    | Defendant.   | ) |
|                    |              | ) |
|                    |              | ) |

The parties to the above-entitled action jointly submit this UPDATED JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. <u>Jurisdiction & Service</u>

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The court's subject matter jurisdiction derives from this matter being based upon federal statute, specifically 18 U.S.C. 2255. Defendant has been personally served. Plaintiffs submit that no issues exist regarding personal jurisdiction. Defendant is incarcerated in the Central District of California. No other parties remain to be served.

*Form updated May 2018*

2. Facts

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Each of the plaintiffs are the subjects in series of child pornography images and videos. Defendant pleaded guilty to and was convicted of possessing and distributing child pornography including the images and videos of the plaintiffs. Plaintiffs have each suffered personal injury as a result of defendant's violation of federal child pornography law.

Defendant has alleged multiple affirmative defenses disputing that plaintiffs have stated a valid claim against him, that he has caused them any harm, or that they have sustained actual damages as a result of his conduct, that plaintiffs' injuries are the result of pre-existing conditions or caused by a third person or persons, that plaintiffs have failed to mitigate their damages, and that their damages are speculative. Defendant has further alleged affirmatively that plaintiffs' claims are barred by the statute of limitations, res judicata, and collateral estoppel; that plaintiffs have no standing, that plaintiffs are not entitled to exemplary or punitive damages, and that plaintiffs have failed to join indispensable parties.

*Form updated May 2018*

3. Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiffs allege that defendant must pay liquidated damages based upon his admitted possession of their child sex abuse images in violation of 18 U.S.C. § 2252 (a)(2) and (b)(1), and 18 U.S.C. § 2252 (a)(4)(B) and (b)(2).

Defendant alleges that because some of the Plaintiffs were the recipients of an order of restitution, they are barred from bringing a civil claim against him. Plaintiffs contend that their claims are entirely separate from and distinguishable from claims for restitution in the criminal prosecution of defendant although they acknowledge that Defendant is entitled to an offset for the restitution he has already paid the Plaintiffs.

4. Motions

*All prior and pending motions, their current status, and any anticipated motions.*

No motions have been brought or are pending. Plaintiffs intend to bring a motion to strike certain affirmative defenses and for summary judgment.

5. Amendment of Pleadings

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

*Form updated May 2018*

No amendments are anticipated.

6. Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties do not foresee any ESI issues. Neither party has ESI information to be preserved other than the discovery which may have been received by defendant and his criminal defense attorney in the course of his criminal prosecution.

7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

Plaintiffs made initial disclosures on August 6, 2019. Plaintiffs made First Supplemental Initial Disclosures on November 5, 2019. Plaintiffs made Initial Expert Witness Disclosure on October 31, 2019. To date, Defendant has not

*Form updated May 2018*

made Initial Disclosures or Initial Expert Witness Disclosures. Plaintiffs were unable to make Rebuttal Reports that were due on November 27, 2019 without any disclosures from the Defendant.

8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

Plaintiffs served First Interrogatories and Requests for Production of Documents to Defendant on August 6, 2019. Plaintiffs also served First Request for Admissions to Defendant on August 6, 2019. To date, Defendant has not responded to Plaintiffs with answers or production of documents to either set of discovery. Defendant has not served any discovery for this matter.

9. Class Actions

*If a class action, a proposal for how and when the class will be certified.*

This is not a class action.

*Form updated May 2018*

10. Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

No related case is currently pending, however, the criminal prosecution of defendant for child pornography offenses in case number CR17-00070-001-VC was brought before this court. Defendant was sentenced on August 22, 2018 and an amended judgment providing for restitution for some of the plaintiffs was entered on October 9, 2018.

11. Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiffs each seek $150,000 in liquidated damages from defendant as provided for in 18 U.S.C. 2255. Plaintiffs also seek their attorneys fees and punitive damages as allowed by this statute.

Defendant contends that restitution has been ordered through the criminal case, taking into account the defendant's financial condition, felony conviction and term of incarceration.

12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

A settlement conference was held before Magistrate Judge Sallie Kim on September 24, 2019 which was unsuccessful. The parties have continued to communicate. Defendant has sent Plaintiffs' counsel certain requested data. The parties remain in active settlement discussion.

13. Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*      ____ YES     ____ NO

Determined by prior order of this court to transfer back from magistrate.

*Form updated May 2018*

14. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

This case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

*Form updated May 2018*

17. <u>Scheduling</u>

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

  Completion of ADR----------September 30, 2019

  Designation of Experts-----------------October 31, 2019

  Discovery cutoff-------------------------December 31, 2019

  Hearing of Dispositive motions--------February 28, 2020

  Pretrial conference and trial------------March 31, 2020

18. <u>Trial</u>

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

  Plaintiffs requests a non-jury trial and expects the length of trial to be two days.
  Defendant preserves his request for a jury trial at this time, and estimates the
  length of trial to be five days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case*

*Form updated May 2018*

*management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

  Plaintiffs and Defendant have filed the Certification of Interested Parties.

20. <u>Professional Conduct</u>

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

  All attorneys have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

*Form updated May 2018*

page

CARPENTER, ZUCKERMAN, & ROWLEY

/s/ *John A. Kawai*

Dated: December 11, 2019

John A. Kawai, SBN 260120
407 Bryant Circle, Suite F
Ojai, CA 93023
805-272-4001
jk@czrlaw.com

Counsel for plaintiff

Dated: December 11, 2019        /s/ Petra Reinecke

Counsel for defendant

### CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

 Dated:

UNITED STATES
DISTRICT/MAGISTRATE JUDGE

*Form updated May 2018*